UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

CVS ALBANY, LLC,

               Plaintiff,

     -v-                                  No.  1:24-CV-07145-LTS

1688 ROJAV REALTY, LLC,

               Defendant.

------------------------------------------------------x

### Memorandum Order

       In this action, plaintiff CVS Albany, LLC ("Plaintiff" or "CVS") asserts a breach of contract claim against defendant 1688 Rojav Realty, LLC ( "Defendant" or "Rojav") based on Rojav's alleged failure to procure adequate insurance coverage under a commercial lease agreement.  (Docket entry no. 2 ("Compl.").)  CVS also seeks a declaration that Rojav breached the lease and is obligated to indemnify CVS in a pending state tort action.  (Id. ¶¶ 39-42.)  The Court has subject matter jurisdiction of this action under 28 U.S.C. section 1332.

       Defendant Rojav brings a motion to dismiss the declaratory judgment claim under Federal Rule of Civil Procedure 12(b)(6) on the ground that it is duplicative of the breach of contract claim.  (Docket entry no. 11.)  The Court has carefully reviewed the parties' submissions—(docket entry no. 12 ("Def. Mem."); docket entry no. 17 ("Pl. Mem."); docket entry no. 18 ("Def. Reply"))—and, for the following reasons, Rojav's motion to dismiss the declaratory judgment claim is granted.

<u>BACKGROUND</u>

The following facts are drawn from the Complaint.  As required on a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of CVS as the non-moving party.

CVS is a limited liability company whose sole member is CVS Pharmacy, Inc. (Compl. ¶ 4.)  CVS Pharmacy, Inc., is a Rhode Island corporation with its principal place of business in Rhode Island.  (Id. ¶ 5.)  Rojav is a New York limited liability company with its principal place of business in New York.  (Id. ¶¶ 2, 6.)  At all relevant times, Rojav owned the real property located at 1988 Westchester Avenue, Bronx, New York (the "Premises").  (Id. ¶ 9.)

On September 8, 2008, CVS and Rojav entered into a Lease Agreement (the "Lease") under which CVS leased the Premises from Rojav for a term of twenty-five (25) years.[1] (Id. ¶ 10.)  Article 35(a) of the Lease required Rojav to maintain commercial general liability insurance of not less than $5,000,000 per occurrence, which could be covered by base coverage of not less than $1,000,000, with the balance of coverage provided by an umbrella policy.  (Id. ¶ 12.)  Article 35(c) further required that CVS be named as an additional insured under the insurance policy obtained by Rojav.[2]  (Def. Mem. at 2.)

---

[1]    Although the Complaint states that the Lease Agreement is attached, no such attachment was filed.  (Compl. ¶ 10.)  The following summary of Article 35(a) is based on the portion of the Lease incorporated into the Complaint.  (Id. ¶ 12.)

[2]    Although CVS alleges that Rojav breached Article 35 of the Lease by failing to procure adequate insurance, specifically that CVS was not named as an additional insured, CVS does not include the text of Article 35(c) in its Complaint.  (Compl. ¶¶ 28-31.)  The relevant language was proffered by Rojav in its memorandum in support of the motion. (Def. Mem. at 2.)  On a motion to dismiss for failure to state a claim, "[t]he Court may also properly consider documents or information contained in defendant's motion papers if the plaintiff has knowledge or possession of the material and relied on it in drafting the complaint."  Pac. Life Ins. Co. v. U.S. Bank Nat'l Ass'n, 636 F. Supp. 3d 366, 389 (S.D.N.Y. 2022) (citation omitted).  Here, CVS has knowledge of the Lease, relies on Article 35 in its allegations, and does not dispute the accuracy of the language Rojav

Rojav procured a commercial general liability policy from Century Surety Company ("Century Surety") under policy number 856638 (the "Century Surety Policy"), and a commercial umbrella policy from Merchants Mutual Insurance Company ("Merchants Mutual") under policy number CUP0001328 for the August 8, 2019 to August 8, 2020 policy period (the "Merchants Mutual Policy"). (Compl. ¶¶ 23-24.) CVS was named as an additional insured under both policies. (See id. ¶¶ 24, 27.) CVS was insured under a commercial general liability policy issued by Greenwich Insurance Company for the January 1, 2019 to January 1, 2020 policy period under policy number RGE3001220-02 with a $4,500,000 occurrence limit, and maintained a $500,000 self-insurance retention. (Id. ¶¶ 25-26.)

On October 23, 2020, a complaint was filed in the Supreme Court of the State of New York, Bronx County (the "Underlying Action") for a slip-and-fall incident that occurred on the Premises on December 21, 2019. (Compl. ¶¶ 14-17.) CVS and Rojav were named as co-defendants in that action, and both deny liability. (Id. ¶¶ 14, 18-19.) As of the date the Complaint was filed, no determination had been made in the Underlying Action as to the parties' liability. (Id. ¶¶ 20-21.) Throughout the Underlying Action, the plaintiff has sought damages in excess of $5,000,000. (Id. ¶ 22.)

On November 21, 2020, Century Surety agreed to provide a defense for CVS in the Underlying Action. (Id. ¶ 27.) On January 24, 2022, Merchants Mutual, the issuer of the commercial umbrella policy to Rojav, disclaimed coverage for CVS under the Rojav policy on the grounds that CVS did not qualify as an additional insured under the Merchants Mutual Policy. (Id. ¶¶ 28-29.) Merchants Mutual reiterated its disclaimer of coverage in a second letter

---

provided. (Compl. ¶¶ 10, 12, 33.) Accordingly, the Court properly considers the terms of Article 35(c) as set forth in Rojav's supporting memorandum.

to CVS dated November 17, 2023.  (Id. ¶ 30.)  CVS alleges that, as a result of this disclaimer, it has been deprived of the $5,000,000 in coverage Rojav was obligated to secure under the Lease. (Id. ¶ 31.)

On September 20, 2024, CVS initiated this action, asserting three causes of action: (1) breach of contract; (2) declaratory judgment; and (3) attorney's fees.[3]  (Id. ¶¶ 35-46.) In its breach of contract claim, CVS alleges that Rojav violated the terms of the Lease by failing to procure the insurance coverage required under Article 35.  (Id. ¶ 37.)  As a result, CVS seeks a judgment holding Rojav liable for any losses that CVS may sustain in the Underlying Action, in an amount up to $5,000,000, to be determined at trial.  (Id. ¶ 38.)  The declaratory judgment claim rests on the same alleged breach and seeks a declaration that Rojav is "in breach of the Lease and that, as a result, [Rojav] is obligated to indemnify CVS for any loss sustained in the Underlying Action up to $5,000,000."  (Id. ¶¶ 41-42.)  Rojav now moves to dismiss the second cause of action, contending that the declaratory judgment claim is duplicative of the breach of contract claim.  (Def. Mem. at 1.)

## DISCUSSION

### Legal Standard

To survive a motion to dismiss under F.R.C.P. 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court accepts as true all non-conclusory allegations of fact and draws all reasonable inferences in the nonmovant's favor.  Francis v. Kings Park Manor, Inc.,

---

[3]    The third cause of action, Plaintiff's "claim" for attorney's fees, is not challenged by Rojav in the current motion and therefore is not addressed herein.

992 F.3d 67, 72 (2d Cir. 2021) (en banc).  But a court need not "accept as true a legal conclusion couched as a factual allegation."  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  A pleading must allege "more than a sheer possibility that a [party] has acted unlawfully" and more than "facts that are 'merely consistent with' a [party's] liability."  Id. (quoting Twombly, 550 U.S. at 557).  Determining whether a pleading states a claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 556 U.S. at 679.

Duplication of Breach of Contract Claim

Rojav seeks to dismiss CVS's claim for declaratory judgment on the ground that it is duplicative of CVS's breach of contract claim.  (Def. Mem. at 3-6.)  Rojav argues that the two claims are "indistinguishable" because both allege a breach of the same obligation—that Rojav breached Article 35 of the Lease—and the claims seek the same relief—"to be covered for any losses sustained by [CVS]" as a result of the Underlying Action.  (Id. at 5 (citing Compl. ¶¶ 36-38, 40-42).)  Rojav further contends that the claims are duplicative because "the issue to be decided on which [CVS] seeks a declaratory relief, whether [Rojav] breached the Lease for allegedly not procuring the required insurance, will necessarily need to be decided in the breach of contract claim."  (Def. Mem. at 5.)  The Court agrees.

The Declaratory Judgment Act provides, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C.A. § 2201(a) (Westlaw through P.L. 119-36).  "Courts have consistently interpreted this permissive language as a broad grant of discretion to district courts to refuse to exercise jurisdiction over a declaratory action that they would otherwise be empowered to hear."

Dow Jones & Co. v. Harrods Ltd., 346 F.3d 357, 359 (2d Cir. 2003) (per curiam); see also

Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 494 (1942) ("Although the District Court had

jurisdiction of the suit under the Federal Declaratory Judgments Act, . . . it was under no

compulsion to exercise that jurisdiction.").  To guide the exercise of this discretion, the Second

Circuit has instructed district courts to consider, inter alia, the following factors: "(1) whether the

judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2)

whether a judgment would finalize the controversy and offer relief from uncertainty."  Duane

Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005).

   Courts routinely reject declaratory judgment claims "when other claims in the suit

will resolve the same issues," as a declaratory judgment in such cases serves no useful purpose.

EFG Bank AG v. AXA Equitable Life Ins. Co., 309 F. Supp. 3d 89, 99 (S.D.N.Y. 2018).

Accordingly, when a declaratory judgment claim "seeks a declaration of the same rights as will

be determined under [a plaintiff's] action for breach of contract," it is duplicative and may be

dismissed.  Lorterdan Props. at Ramapo I, LLC v. Watchtower Bible & Tract Soc'y of N.Y.,

Inc., No. 11-CV-3656-CS, 2012 WL 2873648, at *9 (S.D.N.Y. July 10, 2012); see also, e.g.,

Optanix, Inc. v. Alorica Inc., No. 20-CV-7529-GHW, 2021 WL 2810060, at *3 (S.D.N.Y. July

6, 2021) (dismissing a declaratory judgment claim because the "request for declaratory judgment

is duplicative of the relief it seeks under its breach of contract claim"); Ambac Assurance Corp.

v. U.S. Bank Nat'l Ass'n, No. 18-CV-5182-LGS, 2019 WL 3219338, at *5 (S.D.N.Y. July 16,

2019), aff'd, No. 21-70-CV, 2021 WL 6060710 (2d Cir. Dec. 20, 2021) (dismissing a declaratory

judgment claim seeking relief on past distributions of a contract where the same relief was also

sought under plaintiff's breach of contract claim).

Here, CVS seeks a declaration that "[Rojav] [is] in breach of the Lease and that, as a result, [Rojav] is obligated to indemnify CVS for any loss sustained in the Underlying Action up to $5,000,000." (Compl. ¶ 42.) CVS's breach of contract claim alleges that "[Rojav] breached the terms of the Lease" and is "liable to CVS in an amount to be determined at trial, up to $5,000,000, for any loss CVS sustains in the Underlying Action." (Id. ¶¶ 37-38.) While CVS makes a conclusory statement that it is "clear that claims are distinct," it proffers no reasoning as to why the issue it seeks to resolve through the demand for declaratory relief cannot or should not be resolved through its breach of contract claim. (Pl. Mem. at 4.) Nor, unlike the decisions it cites in its opposition briefing, does Rojav explain how declaratory relief would serve a useful and distinct purpose from the breach of contract remedy. Cf., e.g., PAR Tech. Corp. v. Travelers Prop. Cas. Co. of Am., No. 6:22-CV-1121-BKS-TWD, 2024 WL 2747823, at *2 (N.D.N.Y. May 29, 2024) (identifying three ways in which the requested declaratory relief could serve a distinct and useful purpose from the breach of contract claim, including clarifying the respective obligations of each defendant-insurance company and the "order" in which breaching defendants would be required to pay plaintiffs); Chiykowski v. Goldner, No. 19-CV-2272-AJN, 2020 WL 2834225, at *3-4 (S.D.N.Y. May 31, 2020) (finding requested declaratory relief sufficiently distinct from breach of contract claim, because declaratory relief would clarify plaintiff's ownership rights of works at issue in the relevant publishing and distribution contract, an issue that monetary compensation under the breach of contract claim could not adequately address).

In short, the declaratory judgment CVS seeks would serve neither of the two relevant objectives of declaratory relief: (1) the claim for declaratory judgment essentially replicates the issues that will be resolved by a determination on CVS's breach of contract claim, and (2) CVS articulates no uncertainty in the parties' legal relationship that a declaratory

judgment would help clarify and that would otherwise remain unresolved as part of the breach of contract claim.  See Duane Reade, Inc., 411 F.3d at 389.  Accordingly, the Court finds it more prudent to analyze the parties' rights and obligations under the Lease in connection with CVS's breach of contract claim.

## CONCLUSION

For the reasons stated above, Rojav's motion to dismiss CVS's declaratory judgment claim is granted.  This Memorandum Order resolves docket entry no. 11.

The Court will refer this action to the designated Magistrate Judge for general pretrial management following entry of this Memorandum Order.

SO ORDERED.

Dated: New York, New York
        September 10, 2025

                                                    /s/ Laura Taylor Swain
                                                    LAURA TAYLOR SWAIN
                                                    Chief United States District Judge